■ HEUBLEIN, INC., Appellant-Respondent, v. R. H. MACY & CO., INC., Respondent-Appellant.— Order, entered January 24, 1966, modified, on the law, on the facts, and in the exercise of discretion, to strike the last decretal paragraph thereof providing that defendant may "be relieved of the injunction * * * upon the failure of plaintiff to revise appropriately its schedule of fixed retail prices within a reasonable period of time"; and order otherwise affirmed, without costs and disbursements to any party. The discretion of the court was properly exercised to grant a temporary injunction to enforce plaintiff's fair-trade law prices. (National Distillers & Chem. Corp. v. Macy & Co., 23 A D 2d 51; National Distillers Corp. v. Seyopp Corp., 24 A D 2d 426, affd. 17 N Y 2d 12; Fleischmann Distilling Corp. v. Macy & Co., 24 A D 2d 977.) In amending the Alcoholic Beverage Control Law in 1964, including a repeal of section 101-c of that law, the Legislature had before it the recommendation of the Moreland Act Commission. In its recommendation for repeal of section 101-c, the commission expressly declared that "it still will be possible for the distillers, like manufacturers of other branded products, to make private resale price maintenance arrangements under the Feld-Crawford Act." (Moreland Act Commission on the Alcoholic Beverage Control Law, Report and Recommendations No. 3, Mandatory Resale Price Maintenance, Jan. 21, 1964, p. 30.) It was stated in National Distillers Corp. v. Seyopp Corp. (supra, p. 16) that "the Feld-Crawford Fair Trade Law is in full effect in this State as to alcoholic liquors". The United States Supreme Court, in its recent decision in Seagram & Sons v. Hostetter (384 U. S. 35, 50), expressly noted that "the state fair trade statute, which permits private resale price maintenance agreements on sales to consumers, appears to have emerged unscathed by the enactment of Chapter 531" [of Laws of 1964]. The Legislature of this State, however, has not seen fit to enact legislation exempting retail liquor sales from the provisions of the Feld-Crawford Fair Trade Law and, under the circumstances here and in view of the repeated decisions in this Department, including those rendered after the 1964 amendments were upheld by the Court of Appeals, the injunction was properly issued to enforce plaintiff's fair-trade prices. There was no proper basis at this time for a determination that the judicial enforcement of the plaintiff's fixed retail prices should be withheld on some future date if plaintiff failed to revise its schedule of retail prices in alleged compliance with the 1964 amendments to the Alcoholic Beverage Control Law. (See National Distillers Corp. v. Seyopp Corp., 17 N Y 2d 12, supra.) Independent of any reservation or fixing of conditions in the temporary injunction order, the power is expressly conferred upon the court to vacate or modify the order upon a change of circumstances (CPLR 6314), including action, if any, taken pursuant to or in implementation of the price regulatory provisions of the 1964 amendments to the Alcoholic Beverage Control Law. (See Seagram v. Hostetter, supra.) Any application to vacate or modify the order should be considered and determined in light of all the circumstances then existing and after full opportunity of the parties to be heard thereon, and we conclude that it was improper now to particularize conditions which could have the effect of foreclosing or improperly influencing the future exercise of the court's discretion. In the meantime, the parties should press for an early trial. Concur — Rabin, J. P., McNally and Eager, JJ.; Stevens, J., dissents in the following memorandum: I dissent and vote to reverse and vacate the injunction heretofore

granted. Plaintiff sought relief in equity alleging violations of sections 369-a *et seq.* of the General Business Law, popularly known as the Feld-Crawford Act. In 1964 the Legislature made certain amendments to the Alcoholic Beverage Control Law (L. 1964, ch. 531). These amendments have been held constitutional by the State's highest court (*Seagram & Sons* v. *Hostetter*, 16 N Y 2d 47), which holding has been affirmed by the United States Supreme Court, since this injunction was granted (*Seagram & Sons* v. *Hostetter*, 384 U. S. 35, 54). Section 8 of chapter 531 of the Laws of 1964 expressly provided, in part, " In enacting section eleven of this act [repealing former section 101-c] it is the firm intention of the legislature (a) that fundamental principles of price competition should prevail in the manufacture, sale and distribution of liquor in this state, (b) that consumers of alcoholic beverages in this state should not be discriminated against or disadvantaged by paying *unjustifiably* higher prices for brands of liquor than are paid by consumers in other states" (emphasis supplied). " The Fair Trade Law [Feld-Crawford Act] is, in effect, a general statement of policy sanctioning vertical price fixing of commodities bearing the mark of the producer. * * * The chief purpose of the statute is expressed as being to protect a producer against injury of his good will, resulting from price cutting of goods bearing his trade-mark." (*General Elec. Co.* v. *Macy & Co.*, 199 Misc. 87, 91, app. dsmd. 278 App. Div. 940; see, also, General Business Law, § 369-a, *et seq.*) Obviously, a conflict exists between the purpose and provisions of the Fair Trade Law, and the provisions and stated purpose contained in chapter 531 of the Laws of 1964. There is also a wider range of beneficial intent involved, the one to protect and assist the general public interest, the other to protect an individual manufacturer or distributor. The purpose of the one is or may be thwarted by sustaining action and granting relief under the other. Since this area of doubt exists a balancing of the equities would indicate greater harm and possible loss to a defendant by affording preliminary injunctive relief against it, especially when such relief is granted without a hearing, than to deny such relief. It would seem also that there should be at least a minimal showing that the consumer is not paying unjustifiably higher prices, before the conscience of equity should be so moved as in its discretion to presently sustain the drastic relief of injunction. To summarily cast or maintain plaintiff in a favored role, protected by an injunction which would tend to negate, if not destroy, the expressed public policy of the State, is inadvisable. While parties still have the right to enter a contract which might contravene the provisions of the Alcoholic Beverage Control Law, as amended by chapter 531 of the Laws of 1964, the judicial power should not be exercised to afford injunctive relief to a party where it does not satisfactorily appear that such party has complied with existing law (*cf. Shelley* v. *Kraemer*, 334 U. S. 1). The policy enunciated in the promulgation of the changes contained in chapter 531 is within the orbit of the powers of the State (*Seagram & Sons* v. *Hostetter*, 16 N Y 2d 47, affd. 384 U. S. 35). By reason of the foregoing and in light of the decision of the Court of Appeals as now affirmed by the Supreme Court of the United States in the *Seagram* case, the preliminary injunction should be vacated.